I. COHEN *vs.* SUPERIOR LODGE, No. 516, I. O. B. A.

JANUARY 15, 1913.

PRESENT: Johnson, Parkhurst, Sweetland, and Vincent, JJ.

(1) *Beneficial Associations.*

Where a member of a lodge has accepted a certificate of membership, reciting that he is entitled to all the benefits provided for by the laws of the order, and of his lodge as they may exist, or may be later amended, subject to his compliance therewith, he cannot occupy the inconsistent position of claiming a sick benefit provided for under such laws and insisting that the laws are in other respects of no validity.

(2) *Beneficial Associations.*

A member of a beneficial association who has voluntarily submitted himself to the laws of the order in consideration of the benefits to be derived therefrom, must exhaust his remedy provided under such laws before he is entitled to prosecute his claim against the association in a court of law.

ASSUMPSIT. Heard on exceptions of defendant and sustained.

VINCENT, J. The plaintiff brought suit in assumpsit in the district court of the sixth judicial district against Superior Lodge, No. 516, Independent Order Brith Abraham, to recover the amount of certain sick benefits to which he claimed to be entitled under the laws and regulations of that society. Judgment for the plaintiff for the sum of seventy dollars and costs was rendered in the district court. The defendant claimed a jury trial. The case was tried to a jury in the Superior Court and a verdict, by direction, was returned in favor of the plaintiff for seventy dollars, the amount claimed.

The case is now before this court upon the defendant's exceptions two and four, the truth of which, as well as the correctness of the transcript of testimony, appears to have been duly established. These exceptions cover the denial of the defendant's motion to direct a verdict and the granting of a motion to direct a verdict in favor of the plaintiff.

Under the constitution and laws of this society a member in good standing who may become ill and unable to pursue his usual avocation is entitled to a benefit of seven dollars a week for a period not exceeding ten weeks in any one year, provided, that he gives immediate notice of his illness to the secretary and a further notice upon leaving any hospital which he may have entered, if, upon discharge therefrom, he is still sick and unable to work.

The plaintiff, in order to recover, must establish the fact of his illness, must show that he has given the required notice or notices thereof to the secretary of his lodge and that he has otherwise complied with the constitution and by-laws of the society entitling him to the benefits which he claims.

It appears from the testimony that the plaintiff on the 13th of November, 1909, being at the time a member of the defendant lodge in good standing, became ill and was removed to a hospital, where he remained for a period of twenty-six days. From the hospital he returned to his home, his illness and inability to work continuing for a further period of ten weeks. The plaintiff claims that upon his removal to the hospital he duly notified the lodge of his illness and that when he left the hospital he gave a further notice of his continued inability to work. The receipt of the first notice does not seem to be disputed, but as to the second notice there is a conflict of testimony, the plaintiff claiming that such notice was given and the secretary of the lodge positively denying that any notice that the plaintiff had left the hospital and was still unable to work had ever been received.

After the plaintiff had recovered he visited the lodge and made a claim for benefits covering a period of ten

weeks, amounting to the sum of seventy dollars. This claim the lodge refused to pay and handed the plaintiff a check for twenty-one dollars, covering the time the plaintiff was in the hospital, such check, by its terms, being in full of all demands to date. The plaintiff thereupon asked for a hearing before the lodge, but was suppressed by the presiding officer and compelled to discontinue his efforts in that direction. He retained the check for twenty-one dollars, but has never cashed it.

Much of the record is taken up with the examination of witnesses as to whether the defendant lodge had ever regularly adopted any constitution and by-laws defining the rights of its members and prescribing the method of procedure in disputed matters, but we think it sufficiently appears that the lodge was carrying on its business and operations under both its own constitution and by-laws and the constitution and by-laws of the Grand Lodge of the I. O. B. A., of the United States of America, of which the defendant lodge was a part. In fact, the certificate of membership issued to and accepted by the plaintiff recites that he is entitled to all the benefits provided for by the (1) laws of the order and of the lodge as they may exist or may be later amended, altered or modified, subject to his compliance therewith. The plaintiff cannot consistently claim that he is entitled to the sick benefits provided for by the laws of the order and the lodge and that such laws are in other respects of no validity.

The subordinate lodges, as the testimony shows, are permitted to make such provisions as they may see fit regarding the matter of sick benefits and the by-law of the defendant lodge relating to that subject and in force at the time when the plaintiff's claim accrued is as follows:

"Every male member of this lodge who shall have been a member thereof at least six months, who shall become sick, without any fault on his part, and, by reason thereof unable to attend to his work or business, shall be entitled to a benefit of $7 per week during such sickness not exceeding ten weeks each year.

"Every male member who becomes sick and intends to draw sick benefits must report this to the secretary immediately.

"Sick benefits will not be paid unless the physician elected by the lodge, and the Committee on the Sick shall report that the brother is sick and unable to attend to his work or business.

"A member leaving the Hospital and unable to follow his usual occupation, and desires to draw sick benefit, he shall immediately notify the recording secretary."

The law of the order regulating the procedure which a member must follow, if aggrieved by the action of his lodge, is to be found in Article 4 of the Constitution of the I. O. B. A. of the United States of America and is as follows:

"Section 1. Every officer and member of this Order binds himself to support the constitution, laws and rules, edicts, directions and resolutions of the Grand Lodge, and Executive Committee, as well as those of the lodge of which he is a member, and shall render all services to his lodge required by him, and perform all duties devolving upon him.

"Section 2. It is the duty of the members to be friendly to each other in their associations and on all occasions to conduct themselves respectfully toward each other. In cases of disagreement or dispute among them they should not resort to the public courts of law or equity before attempting to settle the same in this Order by appeal to the Executive Committee.

"Section 3. Any member feeling himself aggrieved at the action of his lodge, or who regards the action of his lodge unjust, or illegal, may appeal to the Executive Committee or to the Grand Lodge. If an appeal takes place the lodge upon the application of such member, shall furnish him with a complete transcript of the proceedings bearing upon the subject matter of his grievance or appeal.

(2)     "Section 4. Any member feeling aggrieved at the action of his lodge, unjust or illegal, must appeal to the Executive Committee and await his final decision, before he shall

7

have the right to sue the subordinate lodge of the Order in a public court of law or equity."

The plaintiff has never attempted to take any appeal from the action of his lodge, either as to the amount awarded him or to the refusal to grant him a hearing. Having voluntarily submitted himself to the laws of the order in consideration of the advantages and benefits to be derived therefrom, we think that the plaintiff was bound to exhaust his remedy, by taking the appeal provided for, before he would be entitled to prosecute his claim in a court of law.

The defendant's exceptions are sustained and an opportunity will be given to the plaintiff to appear and show cause on January 22, 1913, at 10 a. m., why judgment for the defendant should not be entered.

*Bellin and Bellin,* for plaintiff.

*Charles Z. Alexander,* for defendant.